UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-06149-WLH-E | Date | November 20, 2026 |
| Title | ***Yuan Liu v. David J. Venturella et al.*** | | |

| | |
|---|---|
| Present: The Honorable | WESLEY L. HSU, United States District Judge |

| | |
|---|---|
| Claudia Garcia-Marquez | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None | None |

**Proceedings: (IN CHAMBERS) ORDER RE PRELIMINARY INJUNCTION [2]**

The Court is in receipt of Petitioner Yuan Liu's ("Petitioner") Supplemental Brief ("Petitioner's Brief") in response to the Court's Order to Show Cause regarding what authority it has to enjoin Respondents from re-detaining Petitioner without notice, including if a final order of removal is issued. (Pet'r's Brief, Dkt. No. 17). On November 18, 2026, government Respondents filed their Supplemental Brief ("Respondents' Brief"). (Resp't, Dkt. No. 18). The Order to Show Cause is now fully briefed. For the following reasons, the Court **GRANTS** the Preliminary Injunction, with modifications to the relief previously issued.

## I. BACKGROUND

### A. Factual Background

Petitioner (A# 242-522-949) is a foreign national of China who entered the United States on May 12, 2026, on foot. (*Ex Parte* App. for TRO ("App."), Dkt. No. 2 at 7). Petitioner fled China after she was allegedly physically forced to undergo an abortion. (*Id.*). Petitioner entered without inspection, was not apprehended by border officials, was

never placed in expedited removal and was never paroled. (*Id.*). Petitioner then filed a Form I-589 affirmatively with United States Citizenship and Immigration Services ("USCIS"), on August 29, 2026, within the one-year deadline and disclosing her identity and address. (*Id.*; *see* App. for Asylum and for Withholding of Removal, Ex. 3, Dkt. No. 1-3).

USCIS scheduled Petitioner for a biometrics appointment at its Rowland Heights Application Support Center. (App. at 7). She appeared on September 15, 2026, with her partner, James Wang. (*Id.* at 8). After a staff member noted that her passport contained no visa, Petitioner was moved to a separate room, and within about forty minutes she had been taken into ICE custody. (*Id.*). Petitioner alleges that no warrant was presented to her and Petitioner was not aware of one issuing at the time of her arrest. (*Id.*). Respondent, however, claims that, when Petitioner was arrested, she was served with a warrant for her arrest. (Resp't's Response, Dkt. No. 10 at 2; Ex. A, Form I-831, at 2 ("[Petitioner] was advised there were a Warrant of Arrest for her and then taken into custody, pursuant under Section 212(a)(6)(A)(i) of the [INA]")). Petitioner states that no officer explained the reason for her arrest or how she could contest it, and even though Petitioner only speaks Mandarin, Petitioner contends that no Mandarin interpreter was present. (*Id.*). Petitioner was then taken into custody at Adelanto. (App. at 7).

The Department of Homeland Security ("DHS") issued a Notice to Appear charging Petitioner under INA § 212(a)(6)(A)(i) as a noncitizen present without admission or parole. (*Id.*). The Notice to Appear does not designate Petitioner as an arriving alien and does not invoke any credible fear or expedited removal predicate; the Notice alleges Petitioner's entry on an "unknown date." (*Id.* (citing Notice to Appear, Ex. 1, Dkt. No. 1-1)). The immigration court set Petitioner's first master calendar

hearing for November 5, 2026. (*Id.*). Respondent issued no custody determination. (*Id.*). Petitioner has no criminal history. (*Id.*).

**B. <u>Procedural History</u>**

On October 17, 2026, Petitioner filed a petition in this Court seeking a writ of habeas corpus (the "Habeas Petition"). (*See generally* Pet., Dkt. No. 1). On the same day, Petitioner filed the *ex parte* TRO Application arguing her continued detention without an individualized custody determination or bond hearing and her warrantless arrest violate her due process rights. (*See* App at 6). Petitioner asked the Court (1) to enjoin Respondent from removing, transferring or relocating Petitioner outside the jurisdiction of the Central District of California and (2) to order Respondents to either immediately release Petitioner on appropriate conditions of supervision, or provide Petitioner with a constitutionally adequate bond hearing within seven (7) days. (*Id.* at 2, 15-16). On October 26, 2026, Respondents filed their Response, in which they argue that (1) Petitioner is not entitled to release based on Petitioner's unlawful arrest, (2) Petitioner is not entitled to release under the Due Process Clause because she does not have the same vested liberty interest as noncitizens who were previously detained and released pursuant to conditional release or parole, given that she has not been detained before, and (3) Petitioner is entitled to a bond hearing before an immigration judge, but she should exhaust her administrative remedies first before seeking this relief, including by waiting 180 days of detention before seeking a bond hearing.

On October 29, 2026, the Court issued a temporary restraining order ("TRO") ordering Respondent to immediately release Petitioner from detention and enjoining Respondent "from continuing to detain Petitioner, or placing any new restriction on Petitioner's liberty such as electronic monitoring, unless she is provided with an individualized bond hearing (with reasonable notice and opportunity to prepare) before

an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, unless Petitioner requests a continuance and then within the time requested by Petitioner." (TRO, Dkt. No. 13 at 15). The Court further ordered Respondent to show cause as to why the TRO should not be adopted as the final judgment in the case. (*Id.*). On October 30, 2026, Respondent filed a Notice of Release, indicating that Petitioner had been released from detention, as required by the TRO. (*See* Ex. A ("Release Documentation"), Dkt. No. 14-1). On the same day, Respondent filed a Response to the OSC. (Response to OSC, Dkt. No. 14). On November 6, 2026, the Court held a hearing and heard oral arguments. Before the hearing, the Court issued a tentative order. (*See* Minutes of Prelim. Inj. Hearing, Dkt. No. 16). Following the hearing, the Court ordered Petitioner to show cause (the "OSC") as to whether this Court has authority to impose a notice requirement on the government before re-detaining Petitioner, including if there is a final order of removal issued as to Petitioner. (*See* Order Extending TRO & OSC, Dkt. No. 15). The Court also extended the TRO for an additional fourteen days and replaced Paragraph Two of the TRO's Conclusion. (*Id.*). The OSC is now fully briefed.

## II. DISCUSSION

The Court incorporates the legal standards and analysis from its TRO (TRO, Dkt. No. 13) and TRO Extension Order (Order Extending TRO & OSC, Dkt. No. 15) in full here, with the exception of the portion of relief issued by the TRO that pertains to the instant OSC. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (holding that the standards governing temporary restraining orders and preliminary injunctions are essentially the same). Petitioner argues that this Court has the authority to require Respondents to give notice before re-detaining Petitioner, including if there is a Final Removal Order issued against her because the Court retains broad

discretion to fashion equitable relief as necessary, which the INA does not explicitly restrict, and a Final Removal Order would not change this.

First, Petitioner contends that, pursuant to the habeas statute, 28 U.S.C. § 2243, which provides federal courts with "broad discretion in conditioning a judgment granting habeas relief," *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (quoting 28 U.S.C. § 2243), the Court has discretion to set terms that keep release from being nullified. (Pet'r's Brief at 2). Petitioner claims that because the Court found that Petitioner was detained without any of Section 1226(a)'s pre-deprivation safeguards, the Court has the authority to order notice prior to re-detention. (*Id.*). Petitioner only seeks pre-deprivation *notice* from the Department of Homeland Security ("DHS") not a pre-deprivation *hearing* by an immigration judge (to which Respondents previously objected). (*Id.* at 3).[1] Petitioner warns that Respondents could repeat their unlawful acts if she is not provided such notice before this case reaches final judgment. (*Id.* at 2). Petitioner emphasizes that neither the INA, nor any other statute, contains a restriction on the Court fashioning such equitable relief including a notice requirement. (Pet'r's Brief at 3-4). "Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982) (quoting *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946)).

Second, petitioner underscores that the All Writs Act authorizes orders "necessary or appropriate in aid of" the Court's jurisdiction, 28 U.S.C. § 1651(a), including against those "in a position to frustrate the implementation of a court order." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 174 (1977). Petitioner argues that notice is required for this

---

[1] As a result, the Court need not address Respondents' arguments related to the pre-deprivation bond hearing. (*See* Resp't's Brief at 1-2).

Court's jurisdictional purposes so that Petitioner is not removed during the pendency of this action before the Court reaches a final judgment.

Third, Petitioner argues that notice of a removal order would not fall into one of the three categories of decisions or actions that are *excluded* from judicial review by this Court—the decision or action to commence proceedings, adjudicate a case or execute a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (interpreting Section 1252(f)(1)).

Respondents argue in response that Section 2243 does not *require* pre-detention notice following a final order of removal. (Resp't's Brief at 2). Respondents also contend that a notice requirement that is supplemental to the notice requirement already considered by the relevant regulations is not necessary. (Resp't's Brief at 2-3 (citing 8 C.F.R. § 241.13(h)(3); 8 C.F.R. § 241.4(l)(1))).

In a factually analogous case cited by Petitioner, *Alvarez-Gonzalez v. Chestnut*, 2026 U.S. Dist. LEXIS 98038, at *1-2 (E.D. Cal. May 4, 2026), the petitioner was arrested "without advance notice or hearing" at an ICE check-in appointment, the Court granted the habeas petition, denied the motion for preliminary injunction as moot and ordered the following relief in addition to the petitioner's immediate release:

> Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified

*Id*. at *4. *Alvarez-Gonzalez* is not clear about whether its conclusion applies to a situation where there is a final removal order, however, as it only cites the

discretionary detention provision (Section 1226(a)).[2] Accordingly, this case does not conclusively resolve the issue before the Court.

Petitioner further relies on a case in this District in which the Court found that the petitioner was likely to succeed in showing that Respondents could not re-detain him "without first providing him with notice and opportunity for a hearing before a neutral adjudicator" because he had "developed a significant liberty interest during his nearly four years on release and likely pose[d] no danger to his community or risk of flight." *Meneses v. Santacruz*, 811 F. Supp. 3d 1158, 1165 (C.D. Cal. Dec. 2, 2025). The jurisprudence establishing that a petitioner develops a vested liberty interest after being released from custody is based on the government's "'implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." *Herrera v. Blanche*, 2026 WL 1733493, at *2 (W.D. Wash. June 16, 2026). Accordingly, *Meneses* is distinct from the present case because, there, "ICE released Petitioner from custody on an Order of Supervision since 'it could not effectuate his removal and it determined that he was not a flight risk or danger to the community,'" (*Meneses*, 811F. Supp. at 1161), but here, no such determination by Respondents has been made. Instead, Petitioner was released from custody based on this Court's order.

The Court agrees with Petitioner that, in its *discretion*, it has the authority to condition a judgment granting habeas relief under Section 2243 and the All Writs Act. This finding is not changed by the fact that the INA or any other relevant

[2] Respondents point out that, in *Alvarez-Gonzalez*, the petitioner was "not [at the time] subject to a final order of removal" and thus that it does not counsel this Court to order notice even where there is a final removal order. But that fact is a similarity to this case, not a distinction. Petitioner here is not currently subject to a final removal order either.

statutes or regulations do not explicitly require the exact notice that the Court finds necessary to condition judgment here.

## III. CONCLUSION

Accordingly, the Court **GRANTS** the Motion for Preliminary Injunction, but refashions the conditions of the injunction as follows:

1. Respondents were already ordered to release Petitioner (A# 242-522-949) from detention, which they did, and they filed the required Notice of Release confirming Petitioner had been released from custody;
2. Respondent is **ENJOINED** from re-detaining Petitioner, or placing any new restriction on Petitioner's liberty, such as electronic monitoring, unless she is provided with adequate notice and an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), unless Petitioner requests a continuance and then within the time requested by Petitioner.
    a. In the case of either discretionary or mandatory re-detention, including where there is a final order of removal, Respondents must provide written notice on Petitioner and her counsel at least seven (7) days before re-detaining Petitioner, stating the authority for re-detention. Respondents may comply by directing Petitioner to surrender at a specified date, time, and place. If Respondents contend exigent circumstances made notice impracticable, they shall file a declaration with this Court describing them within twenty-four (24) hours of re-detention.
    b. This Order does not prevent Respondents from re-detaining Petitioner after final judgment is entered, subject to the procedures required for a lawful detention, including because of a final removal order.

3. Petitioner is not required to secure a bond, as the government has provided no evidence of costs it will incur in releasing Petitioner, *see Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003);
4. Respondent is **ENJOINED** from relocating Petitioner outside of the Central District of California pending final resolution of this matter;
5. Respondent is **ORDERED** to show cause in writing no later than five (5) days from the date of this Order why the Court should not adopt this Order as the final judgment of the case.

**IT IS SO ORDERED.**